FILED
10 NOV -8 AM 9:17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY



**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN TILLOTSON, Plaintiff, vs. BONNIE DUMANIS, individually and in her official capacity as District Attorney for the County of San Diego, COUNTY OF SAN DIEGO, a municipal corporation, Defendants. | CASE NO. 10CV1343 WQH (AJB) **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the First Amended Complaint filed by Defendants. (ECF No. 13).

**BACKGROUND**

On June 25, 2010, Plaintiff Stephen Tillotson filed a Complaint (ECF No. 1) and on August 9, 2010, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 10). The FAC names Bonnie Dumanis, individually and in her official capacity, and the County of San Diego as Defendants. *Id.* at 1. The FAC alleges that Defendants violated Plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983 by creating, maintaining, and placing Plaintiff on the San Diego County *Brady*[1] Index.

[1] *Maryland v. Brady*, 373 U.S. 83 (1963).

On August 23, 2010, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 13). On September 20, 2010, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 14). On September 27, 2010, Defendants filed a Reply. (ECF No. 15).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that "Defendants have administratively created, and maintained a *Brady* Index File Review Policy." (ECF No. 1 at ¶ 15). Plaintiff alleges that "Defendants are under no legal mandate to create or maintain a formal *Brady* list or index." *Id.* at ¶ 16. "Defendants' *Brady* Index File Review Protocol is an official policy, regulation, or custom formally adopted by the County of San Diego." *Id.* at 7 ¶ 37.

Plaintiff alleges that in 1993, Plaintiff graduated from the San Diego Police Academy. *Id.* at 3, ¶ 8. Plaintiff alleges that in 1994, Plaintiff was hired as a Deputy Sheriff by the San Diego County Sheriff's Department. *Id.* at ¶ 9. Plaintiff alleges that in December 1998, "Plaintiff's employment was terminated with the San Diego County Sheriff's Department after Plaintiff admitted to being dishonest about a firearm qualification." *Id.* at ¶ 10. Plaintiff alleges that in June 2000, Plaintiff was hired by the Sycuan Tribal Police Department after disclosing the prior incident of dishonesty. *Id.* at ¶ 11. Plaintiff alleges that in 2006, the Sycuan Tribal Police was recognized as a federal law enforcement authority by the U.S. Bureau of Indian Affairs. *Id.* at ¶ 12.

Plaintiff alleges that in 2006 and 2007, Plaintiff applied for a commission with the U.S. Bureau of Indian Affairs. *Id.* at 4 ¶ 13. Plaintiff alleges that his "commission was delayed for over a year while the Chief of the Sycuan Tribal Police Department and the D.A.'s Office reviewed whether or not the now-over-eight-year incident involving dishonesty constituted a *Brady* concern and whether Plaintiff should be put on the D.A. Office's *Brady* Index." *Id.* at ¶ 14. Plaintiff alleges, "After a thorough 13-month review of the case, the D.A.'s Office determined that Plaintiff should not be included on the *Brady* Index and Plaintiff received his commission." *Id.* at 5 ¶ 22.

Plaintiff alleges that in September or October of 2008, Plaintiff applied to work as a

Volunteer Reserve Police Officer for the Coronado Police Department and disclosed the prior incident of dishonesty. *Id.* at ¶ 23. Plaintiff alleges that the Coronado Police Department background unit "contacted the D.A.'s Office to ensure that no *Brady* issue existed." *Id.* Plaintiff alleges: "Notwithstanding its previous decision not to place Plaintiff on its *Brady* Index, the D.A.'s Office now opted to include Plaintiff." *Id.* at ¶ 24. Plaintiff alleges that he "was given no opportunity to appeal his inclusion on the Index." *Id.* at ¶ 25. Plaintiff alleges that the Coronado Police Department refused to hire him and after the Sycuan Tribal Police Department was notified that Plaintiff was included on the *Brady* Index, his employment was terminated. *Id.* at ¶ 26-27. Plaintiff alleges that he has been disqualified from employment with several law enforcement agencies because he is listed on the *Brady* Index including the "Coronado Police Department; San Diego Police Department; Riverside County Sheriff's Department; El Cajon Police Department; La Mesa Police Department; Desert Hot Springs Police Department; Indio Police Department; and the National City Police Department." *Id.* at 6 ¶ 33. Plaintiff alleges that "[f]or a law enforcement officer, being placed on a District Attorney's *Brady* Index is tantamount to being placed on a government blacklist . . . ." *Id.* at 4 ¶ 21.

Plaintiff alleges that on "December 15, 2009, Plaintiff filed a Petition for Writ of Mandate to compel the County to disclose its *Brady* Index Policy." *Id.* at 6 ¶ 30. Plaintiff alleges that on "January 13, 2010, pursuant to settlement of Plaintiff's Petition for Writ of Mandate, the County provided Plaintiff with a copy of its '*Brady* Index File Review Protocol.'" *Id.* at ¶ 31. Plaintiff alleges: "This protocol contains no discernable standard of review for placing or retaining officers on the Index. It contains no standards for an officer to appeal or challenge his continued inclusion on the list. It contains no standards for when officers should be removed from the list." *Id.* Plaintiff also alleges that the County's policy "allows individual Deputy D.A.'s to use their own arbitrary standard for including Officers on the County *Brady* Index." *Id.* at 4 ¶ 20.

Plaintiff alleges: "Notwithstanding the fact that Plaintiff's single act of dishonesty, with no nexus to any criminal prosecution, occurred twelve years ago, the County refuses to

remove Plaintiff from its *Brady* Index or even provide him with a means for challenging his continued inclusion on the Index." *Id.* at 6 ¶ 32.

Plaintiff alleges that "[t]he arbitrary, continued inclusion of Plaintiff on the Index is a result of D.A. Bonnie Dumanis' decision as an official policy maker of the County." *Id.* at 7 ¶ 36. Plaintiff alleges that "[i]t was or should have been plainly obvious to any reasonable policy making official of the County that the acts and omissions of Defendants . . . directly violated and continued to violate Plaintiff's clearly established constitutional rights." *Id.* at ¶ 38.

Plaintiff seeks, "general, special, and compensatory damages from the County only according to proof." *Id.* at 7. (emphasis omitted). Plaintiff seeks, "[a] declaratory judgment that Defendants' policies, practices, and customs violate the Fourteenth Amendment to the United States Constitution as to Plaintiff." *Id.* Plaintiff also seeks an injunction that requires Defendants to remedy constitutional violations, provide Plaintiff with meaningful notice of the grounds for his inclusion on the *Brady* Index and an opportunity to rebut the charges, and require Defendants to remove Plaintiff from the *Brady* Index. *Id.* at 7-8.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## CONTENTIONS OF PARTIES

Defendant County of San Diego moves to dismiss Plaintiff's claim for damages against the County of San Diego. Defendant contend that "[t]he County cannot be liable for damages based on any actions taken by the District Attorney in her official capacity because when developing the *Brady* index and deciding who should be placed on the index, the District Attorney was acting as a state, not County, official." (ECF No. 31-1 at 8). Defendant contends that the District Attorney represents the state, not the county, when developing policy related to the *Brady* index because the policy is related to state prosecutions. Defendants County of San Diego and Bonnie Dumanis further seek to dismiss Plaintiff's substantive and procedural due process claims because Plaintiff does not have a property interest right in future employment. Finally, Defendants seek dismissal of Plaintiff's claims for injunctive and declaratory relief because Plaintiff's procedural and substantive due process claims fail.

Plaintiff contends his claim for damages against the County of San Diego is proper because Bonnie Dumanis was not acting for the state when making the Brady policy for the County. Plaintiff contends that *Brady* policies vary from county to county and cannot be said to represent state policy. Plaintiff also contends that his substantive and due process claims are adequately alleged because he has a right to pursue the occupation of his choice and he is being prevented from doing so based on arbitrary government action which contains no rational basis.

## DISCUSSION

### I. Damages

A local government may be liable for a constitutional tort committed by its officials through municipal policy, practice, or custom pursuant to 42 U.S.C. § 1983. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978)). "To hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory

violation at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act." *Weiner*, 210 F.3d at 1028 (quoting *McMillian v. Monroe County Alabama*, 520 U.S. 781, 785 (1997)). The court must determine whether the official acted for the state or the locality by considering state law. *Id.*; *see also McMillian*, 520 U.S. at 786-89, 791-93.

California statutory authority weighs in favor of a finding that the district attorney acted on behalf of the state while performing prosecutorial functions. *Compare* Cal. Const. art. V, §13 (stating that the attorney general is the chief law officer of the state and has authority over every district attorney); Cal. Const. art. XI, §1 (establishing counties as subdivisions of the state); Cal. Gov't Code § 100 (requiring that all prosecutions shall be conducted in the name of and through the authority of the State of California); Cal. Gov't Code § 12550 (establishing that the attorney general has supervisory power over district attorneys); Cal. Gov't Code § 12524 (stating that the attorney general may call district attorneys to conference "with the view of uniform and adequate enforcement of the laws of this state . . . ."); Cal. Gov't Code § 25303 (explaining that the county board of supervisors shall not "obstruct the investigative and prosecutorial function of the district attorney of a county"); Cal. Penal Code § 684 (requiring that a "criminal action is prosecuted in the name of the people of the State of California . . . ."); *with*, Cal. Gov't Code § 24000 (enumerating the district attorney as an officer of the county); Cal. Gov't Code § 25300 (explaining that the county board of supervisors shall prescribe the compensation and conditions of employment for all county officers); Cal. Gov't Code § 29601 (enumerating travel expenses incurred while prosecuting a case as county charges) .

The California Supreme Court has analyzed state law and held that "a district attorney was a [California] state official for purposes of § 1983 liability while acting in his prosecutorial capacity." *Weiner*, 210 F.3d at 1028 (citing *Pitts v. County of Kern*, 17 Cal.4th 340, 362, 70 Cal. Rptr. 2d 823, 837, 949 P. 2d 920, 934 (1998)). The California Supreme Court also held: "Just as we have concluded that in California a district attorney represents the state when preparing to prosecute and when prosecuting criminal violations

of state law, we further conclude it logically follows that he or she also represents the state, and not the county, when training and developing policy in these areas." *Pitts*, 17 Cal.4th at 362, 70 Cal. Rptr. 2d at 837-38, 949 P. 2d at 934-35; *see also Goldstein v. City of Long Beach*, Case No. CV 04-9692 AHM (Ex), 2009 WL 6929458, at *1-2, 9 (C.D. Cal. Sept. 23, 2009) (concluding that the District Attorney acted as a state officer in failing to institute a policy to require prosecutors to obtain and disclose *Brady* information regarding informants).

In this case, Plaintiff asserts a claim for damages against the County of San Diego based on District Attorney Bonnie Dumanis' *Brady* Index File Review Protocol policy. The Court finds that the facts alleged in the Complaint are not adequate to conclude that the District Attorney was acting as a county official when developing this *Brady* policy. *Weiner*, 210 F.3d at 1028; *Pitts*, 17 Cal.4th at 362. Defendant's Motion to Dismiss Plaintiff's claim for damages against the County of San Diego is GRANTED.

**II. Due Process**

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)). "To have a property interest, a person clearly must have more than an abstract need or desire." *Nunez v. City of L.A.*, 147 F.3d 867, 872 (9th Cir. 1998). "A mere 'unilateral expectation' of a benefit or privilege is insufficient; the plaintiff must 'have a legitimate claim of entitlement to it.'" *Id.* (*quoting Roth*, 408 U.S. at 577). Protected property interests are not created by the Constitution, but by "existing rules or understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Thorton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (citing *Roth*, 408 U.S. at 577). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of Cal.*, 24 F.3d at 62 (internal quotation marks omitted).

"[T]he right to ... follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment ...." *Greene v. McElroy,* 360 U.S. 474, 492 (1959). The liberty component of the Fourteenth Amendment's Due Process Clause may be violated by "a complete prohibition of the right to engage in a [professional] calling." *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999); *see also Lowry v. Barnhart,* 329 F.3d 1019, 1023 (9th Cir. 2003).

In this case, Plaintiff alleges:

> For a law enforcement officer, being placed on a District Attorney's *Brady* Index is tantamount to being placed on a government blacklist, which when publicized to prospective law enforcement employers effectively excludes the blacklisted individual from his chosen occupation in law enforcement, much as if the government had yanked the license of an individual in an occupation that required a license.

(ECF No. 10 at 4-5 ¶ 21). Plaintiff's Complaint asserts that Plaintiff is subject to "a complete prohibition of [his] right to engage in a [professional] calling." *Conn*, 526 U.S. at 291-92. The Court concludes that the Complaint has alleged sufficient facts to state a claim that Plaintiff has a liberty or property interest protected by the Constitution against District Attorney Bonnie Dumanis in her official capacity. *Wedges/Ledges of Cal.*, 24 F.3d at 62. Defendants' Motion to Dismiss is DENIED.

**A. Procedural Due Process**

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Board of Educ. of Lynwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). "[T]he requirements of due process are 'flexible and cal[l] for such procedural protections as the particular situation demands[]'" *Wilkinson v. Austin,* 545 U.S. 209, 224 (2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Courts generally consider the following factors to determine procedural due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

In this case, Plaintiff alleges that he "was given no opportunity to appeal his inclusion on the Index." (ECF No. 10 at ¶ 25). Plaintiff alleges that the *Brady* Index File Review Protocol contains no discernable standard of review for placing or retaining officers on the Index. *Id.* at ¶ 31. Plaintiff alleges that, "It contains no standards for an officer to appeal or challenge his continued inclusion on the list." *Id.* Plaintiff alleges that, "It contains no standards for when officers should be removed from the list." *Id.* Plaintiff also alleges that the policy "allows individual Deputy D.A.'s to use their own arbitrary standard" to include Officers on the *Brady* Index. *Id.* at 4 ¶ 20.

The Court concludes that the Complaint has alleged sufficient facts to state a claim that Plaintiff's procedural due process rights were violated. Procedural due process requirements will be dictated by the "protections as the particular situation demands." *Wilkinson,* 545 U.S. at 224 (citation omitted). Defendants' Motion to Dismiss Plaintiff's procedural due process claim is DENIED.

**B. Substantive Due Process**

The Ninth Circuit has held that "a plaintiff can make out a substantive due process claim if she is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis." *Engquist v. Oregon Dept. of Agriculture*, 478 F.3d 985, 997 (9th Cir. 2007). A violation of substantive due process must be demonstrated by more than mere harm; it is demonstrated by conduct that shocks the conscious. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998). Conduct that "shocks in one environment may not be so patently egregious in another...." *Id.* at 850. "Deprivations of liberty caused by 'the most egregious official conduct,' may violate the Due Process Clause." *Chavez v. Martinez*, 538 U.S. 760, 774 (2003) (quoting *Lewis*, 523 U.S. 846, 847-48, n.8).

In this case, Plaintiff has alleges that "[t]he arbitrary, continued inclusion of Plaintiff on the Index is a result of D.A. Bonnie Dumanis' decision as an official policy maker . . . ." (ECF No. 10 at 7 ¶ 36). "It was or should have been plainly obvious to any reasonable

policy making official . . . that the acts and omissions of Defendants . . . directly violated and continued to violate Plaintiff's clearly established constitutional rights." *Id.* at ¶ 38.

The Court concludes that the Complaint fails to alleged sufficient facts to state a claim that Plaintiff's substantive due process rights were violated. *See Chavez v. Martinez*, 538 U.S. at 774; *Lewis*, 523 U.S. at 846-49. Defendants' Motion to Dismiss Plaintiff's substantive due process claim is GRANTED.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is GRANTED in part and DENIED in part. Plaintiff's claim for damages against the County of San Diego and Plaintiff's claim that his substantive due process rights were violated are DISMISSED. Defendant's Motion to Dismiss is DENIED in all other respects.

DATED: November 5, 2010

**WILLIAM Q. HAYES**
United States District Judge