1
2
3
4
5
6
7
8                         **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   STEPHEN TILLOTSON,                          CASE NO. 10cv1343 WQH (MDD)

12                              Plaintiff,       ORDER
            vs.
13   BONNIE DUMANIS, individually and in
     her official capacity as District Attorney
14   for the County of San Diego; COUNTY
     OF SAN DIEGO, a municipal
15   corporation,

16                              Defendants.

17

18   HAYES, Judge:

19          The matters before the Court are the Motion for Summary Judgment filed by

20   Defendants Bonnie Dumanis and the County of San Diego (ECF No. 31) and the Motion for

21   Summary Judgment filed by Plaintiff Stephen Tillotson (ECF No. 32).

22   **I.     Background**

23          On June 25, 2010, Plaintiff Stephen Tillotson filed a Complaint (ECF No. 1) and on

24   August 9, 2010, Plaintiff filed a First Amended Complaint pursuant to 42 U.S.C § 1983. (ECF

25   No. 10).   The First Amended Complaint alleges that Defendants violated Plaintiff's

26   Constitutional right to procedural and substantive due process[1] by placing Plaintiff on the San

27

28   ───────────────────
              [1] Plaintiff's claim for violation of substantive due process was dismissed.

Diego County *Brady*[2] Index and seeks injunctive relief and damages.

On August 23, 2010, Defendants filed a Motion to Dismiss. (ECF No. 13). On November 8, 2010, this Court granted in part the Motion to Dismiss and dismissed Plaintiff's substantive due process claim and request for damages. (ECF No. 16). On December 15, 2010, Defendants filed an Answer. (ECF No. 17).

On October 27, 2011, Defendants filed a Motion for Summary Judgment. (ECF No. 31). Plaintiff filed an Opposition. (ECF No. 36). Defendants filed a Reply. (ECF No. 38).

On November 14, 2011, Plaintiff filed a Motion for Summary Judgment. (ECF No. 32). Defendants filed an Opposition. (ECF No. 37). Plaintiff filed a Reply. (ECF No. 39).

## II. Undisputed Material Facts

In 1998, Plaintiff was employed as a law enforcement officer by the San Diego County Sheriff's Department. (Tillotson Decl., ECF No. 32-2 at 108). Plaintiff's supervisor required Plaintiff to participate in periodic firearm qualification shooting exercises. (Tillotson Depo., ECF No. 31-5 at 21). In June 1998, Plaintiff told his supervisor that he attended a qualification shoot that he did not actually attend. *Id*. at 20. Plaintiff gave his supervisor a certification card from a prior shooting exercise as documentation that he had attended the most recent qualification shoot. *Id*. at 22. Within the next 24 to 48 hours, Plaintiff told his supervisor that he had "made a big mistake" and had "lied to him about [attending the qualification shoot] and [that Plaintiff] felt bad about it." *Id*. In December 1998, Plaintiff was fired for the incident of dishonesty to his supervisor and presenting the prior shooting certification card as documentation that he had attended the most recent qualification shoot. *Id*. at 25.

In June 2000, Plaintiff was hired by the Sycuan Tribal Police Department after fully disclosing the prior incident of dishonesty. (Tillotson Decl., ECF No. 32-2 at 108).

In the fall of 2008, Plaintiff applied to work as a Volunteer Reserve Police Officer for the Coronado Police Department. *Id*. at 109. Plaintiff disclosed the prior incident of dishonesty. *Id*. The City of Coronado Police Department contacted the San Diego District Attorney's Office to review Plaintiff's prior incident of dishonesty and determine whether it

---

[2] *Maryland v. Brady*, 373 U.S. 83 (1963)

required that Plaintiff be included on the *Brady* Index. *Id.*

Deputy District Attorney David Williams is the *Brady* Index coordinator for the San Diego District Attorney's Office.  (ECF No. 31-3 at 1).  Williams states that the San Diego District Attorney's Office maintains a *Brady* Index "so that [the San Diego County District Attorney's Office] can notify prosecutors when there is information about an officer that should be reviewed for potential discovery when the officer is a witness on a prosecution case." (Williams Depo., ECF No. 32-1 at 39-40).  In *Brady*, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.  In *United States v. Agurs*, 427 U.S. 97 (1976), the Supreme Court held that the prosecution has the duty to turn over material evidence favorable to the accused, even when the accused has not asked for such evidence. *Agurs*, 427 U.S. at 106.  In *United States v. Bagley*, 473 U.S. 667 (1985), the Supreme Court held that a prosecutor also has a duty to disclose information that a criminal defendant may use to impeach a government witness.  *Bagley*, 473 U.S. at 676.  In *Giglio v. United States*, 405 U.S. 150 (1971), the Supreme Court held that, whether nondisclosure of *Brady* information is a result of negligence or is intentional, it is the responsibility of the prosecutor to ensure that there is communication of all relevant information on each case. *Giglio,* 405 U.S. at 154-55.

The San Diego County District Attorney's Office maintains three documents regarding its *Brady* policy including: the *Brady* File Review Protocol, the San Diego County District Attorney *Brady* Index FAQs, and the Legal Policies Guide. (Ex. to Williams Depo., ECF No. 31-5 at 78-83; ECF No. 32-1 at 155-157; Ex. to Gaspard Decl., ECF No. 32-2 at 2-4).  In an answer to an interrogatory which asked whether the San Diego County *Brady* documents articulate a standard for when law enforcement officers should be placed on the San Diego Count *Brady* Index, Defendant Dumanis responded, "No.  The factors to be considered for inclusion in the San Diego District Attorney's *Brady* Index are articulated in *Brady v. Maryland* and its progeny."  (Dumanis Interrogatories, ECF No. 32-1 at 30-31).

The San Diego District Attorney has delegated the authority to make decisions regarding whether someone should be placed on the *Brady* Index to a committee of senior deputy district attorneys. (Williams Depo., ECF No. 31-5 at 62). A member of the *Brady* committee acts as a "gatekeeper" which is a "specific term of art [used by Defendant] for a member of the *Brady* committee who acts as the gatekeeper of information from all other sources." (Williams Depo. ECF No. 32-1 at 139).

Plaintiff spoke with the *Brady* gatekeeper assigned to his case who asked Plaintiff to submit a statement. (Tillotson Depo., ECF No. 31-5 at 30). On September 9, 2008, Plaintiff submitted a voluntary statement to the *Brady* committee regarding why he should not be placed on the *Brady* Index. *Id*. at 30, 86-99.

On October 29, 2008, Tillotson was placed on the *Brady* Index maintained by the San Diego District Attorney's Office. (ECF No. 31-5 at 134). On that same day, the San Diego District Attorney's Office sent Tillotson a letter explaining that he was being placed on the *Brady* Index based on the prior incident of dishonesty stating: "Stephen Tillotson was fired from the San Diego Sheriff's Department on 12/18/98 for Dishonesty." (ECF No. 134). The letter stated that "[a]dditional information concerning this material is welcomed from the officer or agency." *Id*. The "*Brady* Index Frequently Asked Questions" also states that "further information and input from the officer or agency is welcomed. Additional material or information received from the officer or agency will be reviewed by the Committee to determine if the screened material should be removed from the *Brady* Index, or that the additional submitted material should be included in the *Brady* Index for review by DDAs in the future along with the other *Brady* Index material." (ECF No. 31-5 at 139). The document also states that "[i]n the event additional information from the officer or other sources reviewed by the *Brady* Committee results in the determination by the *Brady* Committee that the original basis of Index inclusion no longer applies, the officer may be removed from the Index." *Id*. at 141-42.

In November 2008, after being notified of his inclusion on the San Diego County's *Brady* Index, the Sycuan Tribal Police Department terminated Plaintiff's employment.

(Tillotson Decl., ECF No. 32-2 at 109). The Sycuan Tribal Police Department told Plaintiff that his placement on the *Brady* Index was the reason for his termination. *Id*.

After being notified of his inclusion on the *Brady* Index, the Coronado Police Department denied Plaintiff's application to work as a Volunteer Reserve Police Officer. *Id*. The Police Chief for the Coronado Police Department told Plaintiff that he was no longer being considered for the position because of his placement on the *Brady* Index. *Id*.

After Plaintiff was placed on the San Diego District Attorney's *Brady* Index, Plaintiff applied for employment as a police office the City of Oceanside Police Department, the City of San Diego Police Department and the Riverside County Sheriff's Department. (Tillitson Depo., ECF No. 31-5 at 5-6). Plaintiff did not receive an offer of employment. *Id*. Plaintiff was not told why he did not receive an offer of employment from the Riverside County Sheriff's Department. *Id*. at 14. Plaintiff was told by an employee at the San Diego Police Department that Plaintiff's inclusion on the *Brady* Index "was a factor" for his denial of employment. *Id*. at 13. Plaintiff was told that his inclusion on the *Brady* Index was the reason he was not offered employment by the City of Oceanside Police Department. *Id*. at 7-8.

The San Diego County District Attorney's *Brady* Index contains the names of 6 to 10 individuals who are still employed as police officers. (Williams Depo., ECF No. 31-5 at 74).

**III.    Contentions of the Parties**

 Plaintiff contends that Defendant violated his liberty interest in pursuing his chosen profession because his placement on the *Brady* Index prevents him from pursuing a career as a police officer. Plaintiff contends that no law enforcement agency will hire him. Plaintiff contends that he was denied procedural due process protections on the grounds that there is no single comprehensive *Brady* policy for San Diego. Plaintiff contends that the informal *Brady* procedures "arbitrarily reject the materiality standard of *Brady*." (ECF No. 32-2 at 11). Plaintiff also contends that he could not have pursued his claim in state court because he is not appealing the decision of an administrative agency.

Defendants contend that there is no liberty interest at stake in this case because Plaintiff has not been permanently barred from public employment. (ECF No. 31 at 7). Defendants

contend that placement on San Diego County's *Brady* Index does not result in a complete

prohibition of Plaintiff's right to pursue his chosen profession of becoming a police officer in

other counties within California or in other states. Defendants contend that even if the Court

finds that Plaintiff had a liberty interest at stake in this case, Plaintiff was provided adequate

procedural protections on the grounds that: (1) Plaintiff received notice that the committee was

considering whether he should be placed on the *Brady* Index; (2) Plaintiff knew what conduct

made him a potential candidate for the *Brady* Index; (3) Plaintiff submitted written materials

to the *Brady* committee; (4) there was no need for an oral hearing because there were no

disputed issues of fact; (5) Plaintiff was provided a written explanation for the committee's

decision to place him on the *Brady* Index; and (6) Plaintiff was informed that he could submit

additional information to the committee which would be reviewed to determine if he should

be removed from the *Brady* Index. Defendants contend that there are adequate state remedies

available to Plaintiff because Plaintiff could have filed a complaint in state court alleging a

violation of the due process clause of the California Constitution. (ECF No. 31 at 6; 38 at 3).

Summary judgment is appropriate if there is no genuine issue as to any material fact

and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c).

The moving party has the initial burden of demonstrating that summary judgment is proper.

*See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the

opposing party to provide admissible evidence beyond the pleadings to show that summary

judgment is not appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 324 (1986). "In

considering a motion for summary judgment, the court may not weigh the evidence or make

credibility determinations, and is required to draw all inferences in a light most favorable to

the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997); *see also*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

To avoid summary judgment, the nonmovant must designate which specific facts show

that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Harper v. Wallingford*,

877 F.2d 728, 731 (9th Cir. 1989). A "material" fact is one that is relevant to an element of

a claim or defense and whose existence might affect the outcome of the suit. *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The materiality of a fact is thus determined by the substantive law governing the claim or defense. *See Anderson*, 477 U.S. at 252; *Celotex*, 477 U.S. at 322; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## IV.   Discussion

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest[3], and (2) a denial of adequate procedural protections." *Brewster v. Board of Educ. of Lynwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

### A.   Liberty Interest

"[T]he right to ... follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment ...." *Greene v. McElroy,* 360 U.S. 474, 492 (1959). The liberty component of the Fourteenth Amendment's Due Process Clause may be violated by "a complete prohibition of the right to engage in a [professional] calling." *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999); *see also Lowry v. Barnhart,* 329 F.3d 1019, 1023 (9th Cir. 2003).

The *Brady* Index maintained by the San Diego County District Attorney's Office enables prosecutors to be notified of "information about an officer that should be reviewed for potential discovery when the officer is a witness on a prosecution case." (Williams Depo., ECF No. 32-1 at 39-40). "The factors to be considered for [an officer's] inclusion in the San Diego District Attorney's *Brady* Index are articulated in *Brady v. Maryland* and its progeny." (Dumanis Interrogatories, ECF No. 32-1 at 30-31).

Plaintiff has submitted evidence that he was not hired by law enforcement agencies and that he was told that he was not hired based on his inclusion on the *Brady* Index. However, Plaintiff has failed to submit any evidence that law enforcement organizations are completely prohibited from hiring an individual who is listed on the *Brady* Index. The evidence shows that inclusion on the San Diego County District Attorney's *Brady* Index is not an absolute bar

---

[3] Plaintiff assets that his constitutionally protected liberty interest has been violated by a complete prohibition of his right to engage in his chosen profession. Plaintiff does not assert that a constitutionally protected property interest has been violated.

to employment as a police officer in San Diego County.  The evidence shows that the *Brady* Index contains the names of 6 to 10 individuals who are still employed as police officers despite their placement on the *Brady* Index.  (Williams Depo., ECF No. 31-5 at 74).  Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has shown that inclusion on the San Diego District Attorney's *Brady* Index may be considered a negative factor for law enforcement employment.  Plaintiff has failed to show that inclusion on a District Attorney's *Brady* Index is "a complete prohibition of the right to engage in a [professional] calling."  *Conn*, 526 U.S. at 291-92.

The Court concludes that Plaintiff has failed to demonstrate the existence of an issue of material fact with respect to his claim of deprivation of a constitutionally protected liberty interest.  *See Celotex*, 477 U.S. at 325.  Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim for violation of procedural due process.

### B.    Adequate Procedural Protections

"A threshold requirement to ... procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Stiesberg v. State of Cal.*, 80 F.3d 353, 356 (9th Cir. 1996) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994)).  "[T]he requirements of due process are 'flexible and cal[l] for such procedural protections as the particular situation demands[]'" *Wilkinson v. Austin,* 545 U.S. 209, 224 (2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)); *see also Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).[4]  Courts generally consider the following factors to determine procedural due process:

First, the private interest that will be affected by the official action; second, the

---

[4]  Defendants also contend that Plaintiff's § 1983 claim is barred because he could have pursued a cause of action for violation of his California Constitutional right to due process. In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court held that a § 1983 claim does not exist for a random, unauthorized deprivation of liberty or property where there are adequate post-deprivation procedures are available under state law.  *See Parratt,* 451 U.S. at 541-44.  However, the *Parratt* bar does not apply to deliberate, prescribed conduct by state officials acting under authority of state procedures, regulations or directives.  *See Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).  Plaintiff's claim is not based on a random, unauthorized deprivation of liberty for which there are post-deprivation procedures are available under state law.  Accordingly, Plaintiff's claim is not barred by *Parratt v. Taylor*, 451 U.S. 527 (1981).

1                risk of an erroneous deprivation of such interest through the procedures used,
2                and the probable value, if any, of additional or substitute procedural
                  safeguards; and finally, the Government's interest, including the function
3                involved and the fiscal and administrative burdens that the additional or
                  substitute procedural requirement would entail.

4     *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

5          Although Plaintiff has failed to meet the threshold requirement of showing of a

6    liberty interest protected by the Constitution, the Court will consider whether he was afforded

7    adequate procedural protections.  In this case, the private interest that will be affected by the

8    official action is Plaintiff's placement on the *Brady* Index and its affect on his potential

9    employment with a law enforcement agency.  The principles of *Brady v. Maryland* and its

10   progeny guides the District Attorney's Office's decision regarding whether any particular

11   individual should be listed on the *Brady* Index.  The evidence shows that prior to the *Brady*

12   committee's review of Plaintiff's case, Plaintiff was permitted an opportunity to submit a

13   voluntary statement regarding why he should not be placed on the *Brady* Index.  (Tillotson

14   Depo., ECF No. 31-5 at 30, 86-99).  The evidence shows that the *Brady* committee sent

15   Plaintiff a written explanation of their decision.  The evidence shows that Plaintiff remains able

16   to submit additional material or information regarding his placement on the *Brady* Index which

17   would "be reviewed by the Committee to determine if the screened material should be removed

18   from the *Brady* Index." (ECF No. 31-5 at 139).  The risk of an erroneous deprivation of a

19   private interest through the procedures used is low.  The Government's interest in maintaining

20   the *Brady* Index is strong because disclosure of *Brady* information is the responsibility of the

21   prosecutor who must ensure that there is communication of all relevant information on each

22   case.  *See Giglio,* 405 U.S. at 154-55.

23         Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff

24   was afforded adequate procedural protections on the grounds that (1) the principles of *Brady*

25   *v. Maryland* and its progeny guides the District Attorney's Office's decision regarding whether

26   any particular individual should be listed on the *Brady* Index; (2) an individual is permitted an

27   opportunity to submit a voluntary statement regarding why he should not be placed on the

28   *Brady* Index; (3) an individual is provided a written explanation of the *Brady* committee's

1   decision; and an individual is permitted to submit additional material or information regarding

2   his placement on the *Brady* Index which is reviewed to determine if the individual should be

3   removed from the *Brady* Index.  *See Wilkinson,* 545 U.S. at 229 (balancing the factors to

4   determine whether the requirements of procedural due process were met and finding as a

5   matter of law that they were).

6        The Court concludes that Plaintiff has failed to demonstrate the existence of an issue

7   of material fact with respect to his claim of denial of adequate procedural protections.  *See*

8   *Celotex*, 477 U.S. at 325.  Accordingly, Defendants are entitled to summary judgment on

9   Plaintiff's claim for violation of procedural due process.

10  **V.     Conclusion**

11       IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by

12  Defendants Bonnie Dumanis and the County of San Diego (ECF No. 31) is GRANTED and

13  the Motion for Summary Judgment filed by Plaintiff Stephen Tillotson (ECF No. 32) is

14  DENIED.

15  DATED:  February 28, 2012

16

17                                              **WILLIAM Q. HAYES**
                                             United States District Judge